IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRIAN A. C.,<br><br>　　　　Plaintiff,<br><br>V.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　　No. 3:21-cv-710-BN<br>§<br>§<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brian A. C. seeks a writ of mandamus to compel adjudication of his request for waiver of overpayment of disability insurance benefits under Title II and judicial review of a final adverse decision denying his claim for supplemental security income payments under Title XVI.

For the reasons explained below, the hearing decision is affirmed in part and reversed in part.

**Background**

Plaintiff filed his first applications for disability insurance benefits and supplemental security income ("SSI") on October 24, 2007. *See* Dkt. No. 16-1 (Administrative Record ("AR")) at 134. His date last insured had expired the previous year. *See id.* at 107. The Commissioner denied the applications on October 25, 2007. *See id.* at 134. Because of the denial's res judicata effect, *see* 20 C.F.R. § 404.957(c)(1), Plaintiff effectively forfeited his eligibility for disability insurance benefits.

But the Commissioner accepted applications for both SSI *and* disability insurance benefits on March 10, 2014. *See id.* at 133, 134. After a hearing on the merits, Administrative Law Judge ("ALJ") Raymond J. Malloy issued a favorable decision awarding both applications on March 16, 2016, *see id.* at 95, 106, and Plaintiff soon began receiving disability insurance benefits, *see id.* at 409.

Unlike Title II applicants, claimants seeking SSI benefits must show limited income and resources. *See* 42 U.S.C. § 1382(a)(1)(A)–(B) (2020); 20 C.F.R. § 416.1100. Consequently, many claimants who are approved for SSI and disability insurance benefits find that the disability insurance benefit payments end up disqualifying them from receiving SSI. That was the case here.

On April 16, 2016, Plaintiff's SSI claim was denied for "excess resources." Dkt. No. 16-1 at 15. Plaintiff did not appeal the denial of SSI benefits.

ALJ Malloy apparently discovered his error in awarding disability insurance benefits and issued an amended decision on May 18, 2016. The only change was the ALJ's revision of the onset date of disability from January 1, 2005, to October 26, 2007, which was one day after the initial denial of disability insurance benefits. *See id.* at 107, 109. This had the effect of approving SSI benefits and denying disability insurance benefits. The ALJ found that Plaintiff had been disabled since October 26, 2007, and instructed the Commissioner to advise Plaintiff of the non-disability requirements for SSI and, if Plaintiff was eligible, the amounts and dates for which payments would be made. *See id.* at 110. Plaintiff unsuccessfully appealed and the amended decision became final. *See id.* at 417.

The Commissioner then demanded Plaintiff repay $48,930.90 in disability insurance benefits it previously sent him in error. *See id.* at 427.

Plaintiff filed his third application for SSI on February 29, 2018. *See id.* at 241, 415. He also requested a waiver of the recovery of the $48,930.90 overpayment of disability insurance payments. *See id.* at 415. Although the administrative record does not include Plaintiff's waiver request, the Commissioner acknowledged receipt of the waiver request, which it denied on September 21, 2018. *See id.* at 430. On October 16, 2018, the Commissioner again denied the waiver request and informed Plaintiff of his right to request a hearing before an ALJ. *See id.* at 432.

On November 7, 2018, Plaintiff requested a hearing before an ALJ regarding the overpayment. *See id.* at 434, 436. The parties agreed that the request for hearing on waiver of the overpayment would be consolidated with the hearing on denial of SSI. *See* Dkt. No. 19 at 9; Dkt. No. 20 at 1 n.1.

But the notice of hearing stated that the ALJ would consider only the February 20, 2018, application for SSI. It did not mention the request for an overpayment waiver. *See* Dkt. No. 16-1 at 194. At the February 24, 2020, hearing, ALJ Mark Mendola was unaware of the waiver request and knew only of the SSI application. *See id.* at 44-45, 47-48. He questioned whether he had jurisdiction to hear the overpayment request and, if he did, observed there was insufficient evidence in the record for him to evaluate the merits. He asked Plaintiff to submit any documents necessary to establish his jurisdiction and regarding the merits of the overpayment request. *See id.* at 48, 50. He then proceeded to hear only the SSI issue stated in the

notice of hearing, *see id.* at 51, and he issued an unfavorable decision denying Plaintiff's SSI application, *see id.* at 12, 34.

Plaintiff filed a request for review, *see id.* at 238-40, which the Appeals Council denied on January 21, 2021, *see id.* at 1, making the ALJ's decision final. The Appeals Council also addressed the overpayment issue.

> You asked us to review the denial of your request for waiver of overpayment. The Administrative Law Judge did not make a decision regarding this issue. We are sending your request to the Administrative Law Judge for action. The Administrative Law Judge will write you and your representative about the action taken on your request for a hearing. A copy of our memorandum to the Administrative Law Judge is enclosed.

*Id.* at 3. The memorandum to ALJ Mendola directed him establish a record and issue a decision on the overpayment issue:

> The claimant filed a Title XVI application for Supplemental Security Income in February 2018. The question before you was whether the claimant was disabled based on this application. The Notice of hearing explained that the hearing will resolve medical issues under Title XVI. Although the representative asked you to consolidate the overpayment issue, there was no requirement for you to do so. Therefore, the Appeals Council concludes that you properly adjudicated the Title XVI claim before you.
>
> We are asking you to establish a record relating to the claimant's request for overpayment; determine if the request for hearing on the overpayment was timely filed; and as warranted, schedule a hearing and issue a decision regarding the issue of the claimant's overpayment.

*Id.* at 6 (record citations omitted).

Plaintiff's attorney notified ALJ Mendola of the memorandum more than once but has not heard back from the ALJ. *See id.* at 11, 14. The Administration's attorney

informed Plaintiff's attorney that after inquiry she was informed "[t]he Judge looked at it and does not see anything before him to make a decision on." *Id*. at 7.

Plaintiff then filed this action in Federal Court. Plaintiff (1) seeks a writ of mandamus to compel the Commissioner to adjudicate his request for waiver of the overpayment of disability insurance benefits and (2) challenges the Agency's failure to apply the medical improvement standard when it denied SSI benefits for a non-medical reason after Plaintiff previously had been found disabled.

## Legal Standards and Analysis

I.  <u>Plaintiff is entitled to mandamus relief on the overpayment waiver request.</u>

Plaintiff cites the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 706(1), as grounds for the Court's exercise of jurisdiction over his waiver request.

> The Administrative Procedures Act ("APA") provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed." *Id*. § 706(1). *See also Brock v. Pierce County,* 476 U.S. 253, 260 n. 7, 106 S. Ct. 1834, 1839 n. 7, 90 L. Ed.2d 248 (1986) (noting that APA permits district court to compel agency action); *United States v. Popovich,* 820 F.2d 134, 137 (5th Cir.), *cert. denied,* 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987) (same). The APA, standing alone, does not provide a basis for the exercise of subject matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 107, 97 S. Ct. 980, 985, 51 L. Ed. 2d 192 (1977). However, a federal district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This statute, in combination with the APA, vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. *Sierra Club v. Glickman,* 156 F.3d 606, 617 (5th Cir.1998) (holding that suit to compel agency action could be brought under APA); *see also Hu v. Reno,* 2000 WL 425174 at *1 (N.D. Tex. Apr. 18, 2000); *Yu v. Brown,* 36 F. Supp. 2d 922, 933 (D.N.M.1999);

*Sze v. INS,* 1997 WL 446236 (N.D. Cal. July 24, 1997); *Fraga v. Smith,* 607 F. Supp. 517, 521 (D.Or.1985).

*Felicia W. v. Berryhill*, No. 3:17-cv-2649-D-BN, 2018 WL 3321254, at *5 (N.D. Tex. June 13, 2018) (quoting *Alkenani v. Barrows*, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005).

Federal courts are to invoke jurisdiction to compel agency action only when the circumstances clearly require judicial intervention.

> Much like mandamus relief [under 28 U.S.C. § 1361], such relief under the APA is considered an extraordinary measure. *See, e.g., Chromcraft Corp. v. E.E.O.C.*, 465 F.2d 745, 747 (5th Cir. 1972) (explaining that "§ 706 ... requires ... a showing of prejudice before agency action can be set aside for its lack of punctuality.").
>
> Because compelling agency action is an extraordinary remedy regardless of the statute from which the remedy derives, relief is appropriate, and jurisdiction lies, only when the plaintiff can establish "a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). The duty owed must be plainly defined, nondiscretionary, and free from doubt, and the act must be purely ministerial. *See Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997).

*Id.* (quoting *Alsharqawi, v. Gonzales*, No. 3:06-cv-1165-N, 2007 WL 1346667, at *2-3 (N.D. Tex. Mar. 14, 2007)).

Plaintiff has established jurisdiction because he has shown (1) a clear right to have his request for waiver of overpayment of disability insurance benefits adjudicated (and within a reasonable time), (2) a clear duty by the Commissioner to do so, and (3) that no other adequate remedy exists. *See id.*

First, Plaintiff has established a clear right to relief. "To present a clear and certain right to relief, [a plaintiff] must establish a prima facie case that [the

6

defendants] have failed to adjudicate his applications within a reasonable time, and show that no other remedy exists." *Id.* (citing *Yu*, 36 F. Supp. 2d at 932).

An overpaid individual has a right to request that recovery of any overpayment in disability insurance benefits from him be waived, *see* 20 C.F.R. § 404.522(c), and to request a hearing before an ALJ on an initial decision denying an adjustment or recovery of an overpayment, *see* 20 C.F.R. § 404.930(a)(6), (a)(7). After the request for hearing is filed, the Deputy Commissioner has a non-discretionary duty to appoint an ALJ to conduct the hearing. *See* 20 C.F.R. § 404.929.

Plaintiff's Complaint alleges that he filed a request for waiver of the overpayment of disability insurance benefits on February 19, 2018. He requested a hearing on the waiver request on March 27, 2019. On January 21, 2021, the Appeals Council appointed an ALJ to establish a record on the waiver issue, determine whether the request for waiver was timely filed and, if so, to conduct a hearing and issue written findings determining whether a waiver can be granted. The Commissioner acknowledges the ALJ has not yet done so but argues the Court does not have mandamus jurisdiction because the ALJ has not yet denied the request for a hearing.

The Commissioner has a duty to adjudicate Plaintiff's request for waiver of the overpayment of disability insurance benefits within a reasonable time. Although Plaintiff points to no particular time period in which the Commissioner was required to act, under Section 555(b) of the APA described above, "when Congress fails to specify 'a time by which an adjudication should be made, ... the necessary implication

7

[is that] adjudication must occur within a reasonable time.'" *Felicia W.*, 2018 WL 3321254, at *7 (quoting *Alsharqawi*, 2007 WL 1346667, at *4 (quoting *Yu*, 36 F. Supp. 2d at 932)).

Without explanation from the Commissioner for the four-year delay in adjudicating Plaintiff's request for waiver of the overpayment of disability insurance, the Court concludes that the length of time Plaintiff's waiver request has been pending is unreasonable.

Second, Plaintiff has established that the Commissioner had a clear duty to adjudicate his request for waiver of the overpayments.

An overpaid individual has a right to request a waiver of the overpayment, *see* 20 C.F.R. § 404.522(c), and a hearing before an ALJ on the denial of waiver, *see* 20 C.F.R. § 404.930(a)(6), (a)(7). When an overpaid individual is dissatisfied with the denial of a request for a waiver of an overpayment, the Commissioner will appoint an ALJ to conduct a hearing. *See* 20 C.F.R. § 404.929. After the hearing, the ALJ will issue written findings and determine whether the overpayment waiver request can be granted. *See* 20 C.F.R. § 404.523(a), (b).

Here, in its second denial of Plaintiff's request for a waiver of the overpayment, the Commissioner informed Plaintiff of his right to request the denial be reviewed by an ALJ. The Appeals Council appointed ALJ Mendola and instructed him to establish a record on Plaintiff's request for a waiver of the overpayment of disability insurance benefits, determine whether the request for hearing was timely filed, and, if so, to schedule a hearing and issue a written decision regarding the overpayment issue. *See*

Dkt. No. 16-1 at 6. The Commissioner implicitly concedes that it had a non-discretionary duty to adjudicate Plaintiff's request for a waiver of the overpayment of disability insurance benefits as it does not challenge these but simply responds the ALJ has not done so yet.

Third, Plaintiff has established that no other adequate remedy exists. Although the Social Security Act provides the channels a claimant must navigate to obtain social security benefits and allows a claimant to obtain judicial review of "any final decision of the Commissioner," 42 U.S.C. § 405(g), the Act provides no recourse to an applicant stuck in limbo due to the Commissioner's failure to promptly adjudicate applications. *See Felicia W.*, 2018 WL 3321254, at *7; *Cf. Alsharqawi*, 2007 WL 1346667, at *5 (describing a similar process in the context of applications for adjustment of citizenship status). Under the APA, the only recourse for such an applicant is in the courts. *See* 5 U.S.C. § 706(1). "Therefore, ... neither the [Social Security Act] nor the APA afford applicants any means 'other than resort to this Court[ ] to challenge this alleged agency malfeasance.'" *Id.*; s*ee generally Family Rehab., Inc. v. Azar*, 886 F.3d 496, 505-06 (5th Cir. 2018) (explaining that where "a plaintiff seeks to compel an officer ... to perform an allegedly nondiscretionary duty owed to the plaintiff," the plaintiff is not required to exhaust her administrative remedies, and that, "for such requests, mandamus is plainly the appropriate means for relief" (cleaned up).

Because Plaintiff has established a clear duty by the Commissioner to adjudicate Plaintiff's request for a waiver of the overpayment of disability insurance

benefits within a reasonable time, Plaintiff's clear right to receive that decision within a reasonable time, and that no other adequate remedy is available, Plaintiff has carried his burden and established that jurisdiction is proper under the APA and 28 U.S.C. § 1331 and is entitled to mandamus relief.

II.     There was no duty to apply the medical improvement standard.

Plaintiff contends the Commissioner erred by denying his SSI application for non-medical reasons, after it had previously determined he was medically qualified to receive SSI benefits, without first applying the medical improvement standard.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See*

*Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a).

When an individual is receiving SSI, the Commissioner will conduct periodic reviews to determine whether that individual continues to meet the requirements of the law. *See* 20 C.F.R. § 516.990. The Commissioner may terminate disability benefits if substantial evidence shows that: (1) "there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work);" and (2) "the individual is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). Medical improvement is defined as "any decrease in the medical severity of [a claimant's] impairment(s) ... based on improvement in the symptoms, signs, and/or laboratory findings." 20 C.F.R. § 404.1594(b)(1). Medical improvement is related to the ability to work if it results in "an increase in [a claimant's] functional capacity to do basic work activities." *Id.* § 404.1594(b)(3). In determining whether the cessation of benefits is appropriate, the ALJ must follow an eight-step analysis in which Commissioner bears the ultimate burden of proof. *Id.* § 404.1594(f); *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991).

Here, the Commissioner denied Plaintiff's SSI application on procedural grounds.

On March 16, 2016, ALJ Malloy determined Plaintiff met the medical requirements to receive SSI. *See* Dkt. No. 16-1 at 95, 106. Later, in the procedural history section of his April 14, 2020, decision, ALJ Malloy states that the Commissioner subsequently dismissed Plaintiff's SSI claim on April 16, 2016, for "excess resources." *Id*. at 15.

The April 16, 2016 dismissal letter is referred to but not included in the Administrative Record. Plaintiff attaches his counsel's copy of it to his brief. *See* Dkt. No. 19-1 at 3-5. The Court will consider the letter as a supplemental record because the Commissioner does not object to it and both parties refer to it in their briefs as if it were included in the record.

In the April 16, 2016 letter, the Commissioner explains that, although ALJ Malloy determined Plaintiff met the medical requirements to receive SSI benefits, it now found that he did not meet the non-medical "rules" and it denied Plaintiff's SSI application because Plaintiff did not provide the Commissioner with the information and evidence it requested. *See id*. at 3. The Commissioner also informed Plaintiff of his right to appeal. *See id*. at 4-5.

In an affidavit included in the record, Plaintiff states that upon inquiry after he received the April 16, 2016, letter, the Commissioner told him it denied his SSI application because his disability insurance benefits disqualified him from receiving SSI, so there was no need to appeal the denial of SSI benefits. *See id*. at 414. Based

on this representation, Plaintiff did not appeal the denial of SSI benefits, *see id*., and declined to cooperate with processing the SSI application, *see* Dkt. No. 21 at 8.

ALJ Malloy amended his decision on May 28, 2016. By changing the offset date of disability, the ALJ effectively approved SSI benefits and denied disability insurance benefits. *See* Dkt. No. 16-1 at 107, 109. The ALJ found that Plaintiff had been disabled since October 26, 2007. The ALJ ordered the Commissioner to advise Plaintiff of the non-medical requirements to receive SSI benefits and, if eligible, the amounts and dates payments would be made, *see* Dkt. No. 16-1 at 110, but there is no evidence in the record that the Commissioner did so. Plaintiff unsuccessfully appealed and the amended decision is now final.

Plaintiff asserts that the Commissioner must apply the medical improvement standard when it denies previously awarded SSI benefits. Plaintiff argues that, despite the prior SSI award in his favor, which had been made final, the ALJ's April 9, 2020 unfavorable decision effectively determined Plaintiff's impairments were not disabling and that the ALJ erred by not applying the medical improvement standard before terminating his SSI benefits.

The Court disagrees. This is not a situation where Plaintiff was receiving SSI benefits and the Commissioner conducted a continuance disability review and then terminated his benefits. Instead, Plaintiff never received SSI benefits. Plaintiff did not appeal the denial of SSI benefits, and it is too late to do so.

Moreover, although ALJ Malloy reinstated Plaintiff's SSI award on March 18, 2016, the Commissioner had already denied the SSI award because Plaintiff did not

13

meet the non-medical requirements, specifically because he failed to provide the evidence and information it requested. *See* Dkt. No. 19-1 at 3.

Accordingly, under these facts, the Court finds that the Commissioner was not required to apply the medical improvement standard before dismissing Plaintiff's SSI application on non-medical grounds.

## Conclusion

The hearing decision is affirmed in part and reversed in part. This case is remanded to the Commissioner of Social Security to adjudicate Plaintiff's request for a waiver of the overpayment of disability insurance benefits within a reasonable time.

SO ORDERED.

DATED: August 24, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE